UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| ENOCH R. HAGERMAN | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Cause No. 1:18-CV-390-HAB |
| ANDREW SAUL, Commissioner of the Social Security Administration[1], | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

There are few processes in the federal government more Byzantine than that for determining whether an applicant is disabled under the Social Security Act. An applicant must navigate multiple levels of review, each of which is governed by an interwoven set of statutes, regulations, and administrative opinions. This case deals with the requirements at the final stage of the administrative process: the Appeals Council. Plaintiff Enoch R. Hagerman ("Hagerman") claims that the Appeals Council erred when it refused to remand his case to the administrative law judge ("ALJ") in light of "new and material" evidence that he submitted. Defendant Andrew Saul, Commissioner of the Social Security Administration (the "Commissioner"), responds that the Appeals Council's decision is unreviewable and, even if the decision can be reviewed, the Appeals Council correctly determined that the new evidence would not have affected the ALJ's determination. Because the Court finds that Hagerman failed to satisfy the requirements for submitting new evidence in the first place, the Appeals Counsel will be affirmed.

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* Section 205(g) of the Social Security Act, 42 USC § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

A.   **Procedural and Factual Background**

Hagerman exited the workforce at the end of 2009 because, he claims, he was suffering from chronic low back pain, bilateral hip pain, and swelling in his hands and feet. He submitted a claim for retirement and disability insurance benefits in 2015. That claim was denied by the ALJ following an evidentiary hearing and a review of Hagerman's medical records, with the ALJ finding that Hagerman had no medically determinable impairment. (R. 550–56). Relevant to this Court's decision, the ALJ also concluded that Hagerman's date last insured was December 31, 2010.

Now represented by his current counsel, Hagerman sought review of the ALJ's decision by the Appeals Council. Hagerman's request for review was accompanied by 527 pages of new medical evidence, none of which was from Hagerman's period of alleged insured disability (January 1, 2010, through December 31, 2010). Hagerman now argues that this new evidence establishes consistent medical conditions from as early as 1997 through 2017, creating "solid and reasonable inferences" that those same conditions rendered him disabled during the relevant period.

The Appeals Council denied the request for review. With respect to the newly submitted evidence, the Appeals Council stated:

> You submitted records from Parkview Health System dated June 12, 2002 to December 5, 2002 (228 pages) and McCray Memorial Hospital dated January 21, 1997 (4 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence.
>
> You submitted records from Parkview Health System dated December 15, 2011 to September 26, 2012 (202 pages) and January 15, 2016 to May 23, 2017 (93 pages). The Administrative Law Judge decided your case through December 31, 2010. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before December 31, 2010.

(R. 2). Hagerman now seeks judicial review of this determination.

**B.      Legal Analysis**

Unlike the review of an ALJ's disability determination, the Court's ability to review the Appeals Council's denial is limited in scope. Whether this Court can review the denial at all depends on the grounds for the denial. If the Council determined that the newly submitted evidence was, for whatever reason, not new and material, and therefore deemed the evidence "non-qualifying under the regulation," this Court can review that conclusion for legal error. *Farrell v. Astrue*, 692 F.3d 767, 771 (7th Cir. 2012); *see also Eads v. Sec'y of the Dep't of Health & Human Servs.*, 983 F.2d 815, 817 (7th Cir. 1993) (explaining that if the Council's decision not to review a case "rests on a mistake of law, such as the determination ... that the evidence newly submitted to the Appeals Council was not material to the disability determination, the court can reverse"). However, if the Appeals Council deemed the evidence new, material, and time-relevant but denied plenary review of the ALJs decision based on its conclusion that the record, as supplemented, does not demonstrate that the ALJ's decision was "contrary to the weight of the evidence," the Council's decision not to engage in plenary review is "discretionary and unreviewable." *Perkins v. Chater*, 107 F.3d 1290, 1294 (7th Cir. 1997).

The Commissioner devotes a single sentence to this dispositive issue—one more than Hagerman—but neither party discusses this Court's ability to review the Appeals Council at anything close to an acceptable length. As the Seventh Circuit set forth in *Stepp v. Colvin*, 795 F.3d 711 (7th Cir. 2015), this Court's review powers turn on the language used by the Appeals Council in rejecting the request for review. Where the Appeals Council's determination is based upon a review of the new records, the determination is not reviewable. *Id.* at 722. Where, on the other hand, the Appeals Council uses "standard boilerplate" to deny the request for review, this

3

Court can review the "limited question" of whether the Council erred in concluding that the newly submitted evidence was not new and material. *Id.* at 723.

The Court cannot conclude with any certainty that the Appeals Council reviewed the additional evidence submitted by Hagerman. The Appeals Council says nothing about the post-2010 evidence other than it "does not relate to the period at issue." (R. 2). It appears, then, that the Appeals Council looked at the dates on those records and nothing else. For the pre-2010 records, which the Appeals Council chose not to "exhibit" (whatever that means), the Council found "this evidence does not show a reasonable probability that it would change the outcome of the decision." (*Id.*). While this statement could indicate that the Appeals Council reviewed the records, the Court finds it substantially similar to language the Seventh Circuit has found demonstrates a rejection of the records as non-qualifying. *Stepp*, 795 F.3d at 723; *Farrell v. Astrue*, 692 F.3d 767, 771 (7th Cir. 2012). Therefore, the Court finds that it can review the determination of the Appeals Council.

After a thorough review of the newly submitted records, the Court concludes that they are neither new nor material for the purposes of 20 C.F.R. § 404.970(a)(5)[2]. Evidence is "new" when it was "not in existence or available to the claimant at the time of the administrative hearing." *Stepp*, 795 F.3d at 725 (quoting *Perkins*, 107 F.3d at 1296). Hagerman's administrative hearing was held in January 2017. All but thirty pages of records from Parkview reflect treatment well-before this date. (R. 71–100). The records available to Hagerman at the time of his administrative hearing include records related to his 2002, 2012, and 2014 MRIs, which are the only records Hagerman relies upon in support of his "solid and reasonable inferences." (ECF No. 21 at 16–18). The only records that could be considered "new" have nothing to do with Hagerman's claimed disability: they reflect a single visit to "establish care" and address "chronic numbness" in his left

---

[2] The Commissioner correctly notes that Hagerman relies on a version of the regulation that was not in effect at the time of the Appeals Council's decision.

4

foot. (R. 81). In short, every argument Hagerman makes to this Court relies on records that were available to him at the time of his administrative hearing, records that cannot be considered new.

Hagerman's argument for materiality is similarly flawed. The argument goes something like this: Hagerman had an MRI in 2002 that showed a back issue; that back issue was never surgically repaired; Hagerman must have been disabled by the back issue in 2010. (ECF No. 21 at 17). There are at least two problems with this line of argument.

First, the findings of the 2002 MRI are not particularly significant. That MRI found:

> MILD DIFFUSE SPONDYLOSIS. DIFFUSE ANNULAR DISC BULGING PLUS A BROAD CENTRAL POSTERIOR DISC PROTRUSION AT L4-5 CONTRIBUTING TO MILD CENTRAL CANAL NARROWING. THERE IS NO LATERALIZING DISC PROTRUSION OR STENOSIS OF THE FORAMEN AT THIS LEVEL. THE L5-S1 LEVEL SHOWS MILD DISC BULGING PLUS A LEFTWARD BROAD PARACENTRAL-POSTEROLATERAL DISC PROTRUSION CONTRIBUTING TO MILD PROXIMAL LEFT FORAMINAL NARROWING. NO NERVE ROOT COMPRESSION IS SEEN. THE DESCENDING S1 NERVE ROOTS APPEAR NORMAL. PLEASE CORRELATE THE IMAGING SIGNIFICANCE OF THESE FINDINGS.

(R. 104). The word "mild" is used four times in the course of that paragraph. There is nothing in the MRI findings that would create a reasonable probability that the ALJ would have reached a different conclusion if the MRI findings had been considered. The MRI findings are, therefore, not material. *McFadden v. Berryhill*, 721 Fed. Appx. 501, 506 (7th Cir. 2018).

Second, even if the MRI had shown significant back issues, those findings alone would not help Hagerman. A diagnosis does not equal disability. *See Schmidt v. Barnhart*, 395 F.3d 737, 746 (7th Cir. 2005); *Estok v. Apfel*, 152 F.3d 636, 640 (7th Cir. 1998); *Carradine v. Barnhart*, 360 F.3d 751, 754 (7th Cir. 2004) ("The issue in the case is not the existence of these various conditions of hers but their severity and, concretely, whether, as she testified . . . they have caused her such severe pain that she cannot work full time."). Whether or not Hagerman had a back issue in 2010

is irrelevant. Instead, the issue is whether the back issue was of such severity that it rendered him unable to work. With no medical evidence whatsoever from the relevant time frame, MRI records eight years prior could not have changed the ALJ's decision.

Because the Appeals Council did not commit an error of law in concluding that the newly submitted records were non-qualifying, this Court's review is at an end. The determination of the Appeals Council will be affirmed.

**C.  Conclusion**

For the foregoing reasons, the decision of the Appeals Council is AFFIRMED. The Clerk is DIRECTED to enter judgment in favor of Defendant and against Plaintiff.

SO ORDERED on March 9, 2020.

                                                                           s/ Holly A. Brady  
                                                                           JUDGE HOLLY A. BRADY  
                                                                           UNITED STATES DISTRICT COURT